NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4884-15T3

JESSE WOLOSKY,

 Plaintiff-Appellant,

v.

BOROUGH OF WASHINGTON,

 Defendant-Respondent.
________________________________

 Argued November 2, 2017 – Decided November 17, 2017

 Before Judges Haas and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Law Division, Warren County, Docket No. L-
 0099-16.

 Richard M. Gutman argued the cause for
 appellant.

 Tara A. St. Angelo argued the cause for
 respondent (Gebhardt & Kiefer, PC, attorneys;
 Leslie A. Parikh and Ms. St. Angelo, on the
 brief).

PER CURIAM

 Plaintiff Jesse Wolosky appeals from the June 8, 2016 Law

Division order denying his request for an unredacted copy of a

municipal clerk's payroll record. We affirm.
 The relevant facts are not in dispute. Plaintiff made a

request to defendant Borough of Washington under the Open Public

Records Act, N.J.S.A. 47:1A-1 to -13 (OPRA), for "[a] copy of the

actual existing official year[-]end payroll record for 2015 or the

year[-]end pay stub for 2015 for the Manager/Municipal Clerk."

The Borough responded to plaintiff's request by giving him the

clerk's 2015 year-end payroll document1 with the clerk's deductions

for pension contributions, pension loan payments, and health

insurance payments redacted.

 Plaintiff asked for an explanation for the redactions, and

the Borough's attorney provided a detailed, written response.

Among other things, the attorney stated that the information

plaintiff requested about the clerk's pension contributions,

pension loan, and health insurance payments were "personnel [and]

pension records" that were exempt from disclosure under N.J.S.A.

47:1A-10. The attorney also advised plaintiff that the Borough's

position was consistent with that taken by the Government Records

Council (GRC) in similar cases.

 Plaintiff filed a complaint and order to show cause seeking

access to the redacted information. Following oral argument,

1
 This document listed the clerk's annual salary for 2015, together
with her federal and state tax, Medicare, and Social Security
payments for the year.

 2 A-4884-15T3
Judge Yolanda Ciccone rendered a concise and thoughtful oral

opinion denying plaintiff's request and dismissing his complaint.

 By way of background, the purpose of OPRA "is to maximize

public knowledge about public affairs in order to ensure an

informed citizenry and to minimize the evils inherent in a secluded

process." Times of Trenton Publ'g Corp. v. Lafayette Yard Cmty.

Dev. Corp., 183 N.J. 519, 535 (2005) (quoting Asbury Park Press

v. Ocean Cnty. Prosecutor's Office, 374 N.J. Super. 312, 329 (Law

Div. 2004)). In furtherance of that purpose, the Legislature has

declared that "government records[2] shall be readily accessible

for inspection, copying, or examination by the citizens of this

State, with certain exceptions, for the protection of the public

interest, and any limitations on the right of access . . . shall

be construed in favor of the public's right of access[.]" N.J.S.A.

47:1A-1.

2
 "'Government record' or 'record' means any paper, written or
printed book, document, drawing, map, plan, photograph, microfilm,
data processed or image processed document, information stored or
maintained electronically or by sound-recording or in a similar
device, or any copy thereof, that has been made, maintained or
kept on file in the course of his or its official business by any
officer, commission, agency or authority of the State or of any
political subdivision thereof, including subordinate boards
thereof, or that has been received in the course of his or its
official business by any such officer, commission, agency, or
authority of the State or of any political subdivision thereof,
including subordinate boards thereof." N.J.S.A. 47:1A-1.1.

 3 A-4884-15T3
 However, "the right to disclosure is not unlimited" and OPRA

is clear that "the public's right of access [is] not absolute."

Kovalcik v. Somerset Cnty. Prosecutor's Office, 206 N.J. 581, 588

(2011). In this regard, N.J.S.A. 47:1A-10 specifically states

that "the personnel or pension records of any individual in the

possession of a public agency . . . shall not be considered a

government record and shall not be made available for public

access[.]" N.J.S.A. 47:1A-10 reflects the Legislature's

determination "that personnel records are, by definition, not

classified as government records at all; any document that

qualifies as a personnel record is therefore not subject to being

disclosed notwithstanding the other provisions of the statute."

Kovalcik, supra, 206 N.J. at 592.

 Under OPRA, a "personnel record" may only be disclosed "if

and only if, [it] . . . fits within one of the three exceptions

to the general exemption for personnel records" set forth in

N.J.S.A. 47:1A-10. Ibid. As plaintiff argued before Judge

Ciccone, one of the three exceptions set forth in N.J.S.A. 47:1A-

10 provides that "an individual's name, title, position, salary,

payroll record, length of service, date of separation and the

reason therefor, and the amount and type of any pension received

shall be a government record" and subject to release under OPRA.

 4 A-4884-15T3
Ibid. (emphasis added).3 Plaintiff asserted that the information

he requested concerning the clerk's pension and health insurance

payments was part of her "payroll record" and, therefore, should

be released under N.J.S.A. 47:1A-10.

 Judge Ciccone rejected plaintiff's contention on this point

and concluded that the clerk's pension contributions, pension

loan, and health insurance payments were not a required part of

an employee's payroll record and, therefore, not subject to

disclosure under OPRA. In so ruling, the judge relied upon the

New Jersey Department of Labor and Workforce Development's

definition of this term in N.J.A.C. 12:16-2.1(a), which states:

 Every employing unit having workers in
 employment, regardless of whether such unit
 is or is not an "employer" as defined in the
 Unemployment Compensation Law, shall keep
 payroll records which shall show, for each pay
 period:

 1. The beginning and ending dates;

 2. The full name of each employee and the
 day or days in each calendar week on which
 services for remuneration are performed:

 3. The total amount of remuneration paid to
 each employee showing separately cash,
 including commissions and bonuses; the cash
 value of all compensation in any medium other
 than cash; gratuities received regularly in
 the course of employment if reported by the
 employee, or if not so reported, the minimum

3
 Executive Order No. 11 (Nov. 15, 1974) likewise contains a
provision that mirrors the exception for payroll records.

 5 A-4884-15T3
 wage rate prescribed under applicable laws of
 this State or of the United States of the
 amount of remuneration actually received by
 the employee from his employing unit,
 whichever is the higher[,] and service charges
 collected by the employer and distributed to
 workers in lieu of gratuities and tips;

 4. The total amount of all remuneration paid
 to all employees;

 5. The number of weeks worked.

 Because an employee's pension and health insurance payments

are not a required part of a "payroll record" under this

regulation, Judge Ciccone concluded that this information was not

covered by the exception to non-disclosure for payroll records set

forth in N.J.S.A. 47:1A-10.4 Therefore, the judge dismissed

plaintiff's complaint because the clerk's personnel and pension

records were protected from disclosure by N.J.S.A. 47:1A-10.

 Although this ruling ended the inquiry, Judge Ciccone

nevertheless went on to address plaintiff's contention that the

clerk's expectation of privacy did not outweigh the public's

general right to access to government documents. The judge stated

that she applied the balancing test analysis established by the

4
 Decisions of the GRC "shall not have value as a precedent for
any case initiated in the Superior Court[,]" N.J.S.A. 47:1A-7(e).
Nevertheless, we note that the GRC has taken a similar position
in at least two of its prior decisions, as well as in the training
materials it provides to government agencies. See McCormack v.
N.J. Dep't of Treasury, GRC Complaint No. 2005-164 (July 2008);
Jackson v. Kean Univ,, GRC Complaint No. 2002-98 (Feb. 2004).

 6 A-4884-15T3
Supreme Court in Doe v. Poritz, 142 N.J. 1, 88 (1995), which

requires a judge to consider the following seven factors:

 (1) the type of record requested; (2) the
 information it does or might contain; (3) the
 potential for harm in any subsequent
 nonconsensual disclosure; (4) the injury from
 disclosure to the relationship in which the
 record was generated; (5) the adequacy of
 safeguards to prevent unauthorized
 disclosure; (6) the degree of need for access;
 and (7) whether there is an express statutory
 mandate, articulated public policy, or other
 recognized public interest militating toward
 access.

 [Ibid.]

 After analyzing these factors, Judge Ciccone found that "the

controlling factor for this [c]ourt is the determination that the

public's right to access of the amount of money that [the clerk]

contributes to her health insurance and pension is heavily

outweighed by [the clerk's] expectation of privacy in the

information." Therefore, the judge concluded that even if the

redacted information was not already specifically exempt from

disclosure under N.J.S.A. 47:1A-10, the Borough properly denied

plaintiff's OPRA request under the Doe balancing test. This appeal

followed.

 On appeal, plaintiff argues that Judge Ciccone erred in

dismissing his OPRA claim. We disagree.

 7 A-4884-15T3
 Because "determinations about the applicability of OPRA and

its exemptions are legal conclusions," our standard of review is

de novo. Carter v. Doe, 230 N.J. 258, 273-74 (2017) (citing O'Shea

v. Twp. of West Milford, 410 N.J. Super. 371, 379 (App. Div.

2009)). We have considered plaintiff's contentions in light of

the record and the legal principles discussed above, and conclude

they are without sufficient merit to warrant discussion in a

written opinion. R. 2:11-3(e)(1)(E). We are satisfied that Judge

Ciccone properly determined that plaintiff was not entitled to the

redacted information concerning the clerk's pension and health

insurance payments. Therefore, we affirm substantially for the

reasons expressed in the judge's cogent oral opinion.

 Affirmed.

 8 A-4884-15T3